UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAZARO GONZALEZ-MARTINEZ,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-655-CCB-SJF

## **OPINION AND ORDER**

Immigration detainee Lazaro Gonzalez-Martinez, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Gonzalez-Martinez has filed a reply. ECF 8, ECF 9. The petition is ready to be decided.

## BACKGROUND

Gonzalez-Martinez is a Cuban citizen who entered the United States as a refugee in 1980. ECF 8-1 at 8-10. On May 31, 2007, an immigration judge ordered him removed to Cuba, but Immigration and Customs Enforcement (ICE) released him on an Order of Supervision. *Id.* at 13-18. On December 16, 2025, ICE detained him again, and he is currently held at the Miami Correctional Facility. ECF 1. On March 31, 2026, ICE notified Gonzalez-Martinez that it would conduct a custody review on April 6, 2026, and invited him to submit documentation for consideration in support of his release. ECF 8-1 at 20-21. The notice informed him that his release was dependent on whether

he posed a danger to the community or presented a flight risk. *Id.* On April 17, 2026, ICE notified him that it had reviewed his custody status and determined that it would not release Gonzalez-Martinez due to his refusal to cooperate with removal efforts. *Id.* at 23-24.  Specifically, ICE represented that, on April 14, 2026, Gonzalez-Martinez refused to sign a notice of the government's intent to remove him to Mexico. *Id.*

SUBJECT MATTER JURISDICTION

The respondent first argues that the court lacks subject matter jurisdiction over Gonzalez-Martinez's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Gonzalez-Martinez argues that he is entitled to habeas relief because he was not shown an arrest warrant during or since his arrest on December 16, 2025. However, an unlawful arrest does not invalidate a subsequent detention that is otherwise authorized. *See Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) ("In the criminal law, if there is probable cause to hold an accused he cannot gain his freedom by showing that the arrest was illegal, although he may be able to suppress at his trial evidence seized as an incident to his arrest. This court has applied the same principle, distinguishing illegal arrest from illegal detention, in deportation cases."); *see also I.N.S.*

2

*v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.") (quotation marks omitted). Consequently, the court declines to grant habeas relief on Gonzalez-Martinez's unlawful arrest claim.

Gonzalez-Martinez also argues that he is entitled to habeas relief because the government did not provide him with reasons for revoking his supervised release or an informal initial interview as required by 8 C.F.R. § 241.13(i)(2). "[F]ederal agencies are required to follow their own regulations." *Zelaya Diaz v. Rosen*, 986 F.3d 687, 690 (7th Cir. 2021) (citing *Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)); *see also Samirah v. Holder*, 627 F.3d 652, 664 (7th Cir. 2010) ("[R]ules promulgated by a federal agency, which regulate the rights and interests of others, are controlling upon the agency.").

The federal regulations require the government to provide notice of the reasons for revoking supervised release "upon revocation" and require the government to provide an initial informal interview "promptly" after a noncitizen's return to immigration custody to afford him an opportunity to respond to the reasons for revocation. 8 C.F.R. § 241.13(i)(3). The regulations further require the government to

3

provide periodic custody reviews if the noncitizen remains in custody following the initial informal interview, the first of which "will ordinarily be expected to occur within approximately three months after release is revoked." *Id.*; 8 C.F.R. § 241.4(l)(3). "That custody review will include a final evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." 8 C.F.R. § 241.4(l)(3).

As detailed above, the notice of revocation and initial informal interview serve the substantially similar purpose of allowing detainees to contest the reasons for revocation and the justification for continued detention. Here, the government did not allow Gonzalez-Martinez an opportunity to dispute the revocation of his supervised release or his detention promptly after his arrest as contemplated by the regulations, but he was granted an opportunity to dispute them through a custody review. Given the custody review, the court cannot find that this regulatory violation warrants Gonzalez-Martinez's release, and the lesser measure of requiring the government to now provide reasons for revocation and an initial informal interview would serve no purpose. Consequently, this claim is not a basis for habeas relief. Because no other claims remain, the court will deny the habeas petition.

For these reasons, the court **DENIES** the habeas petition (ECF 2) and **DIRECTS** the clerk to close this case.

SO ORDERED on June 15, 2026.

 /s/ *Cristal C. Brisco*  
CRISTAL C. BRISCO, JUDGE  
UNITED STATES DISTRICT COURT